**O**

𝔘nited 𝔖tates 𝔇istrict 𝔆ourt
𝔆entral 𝔇istrict of 𝔆alifornia

| | |
|---|---|
| STEVEN A. PRITZ et al., | Case № 2:25-cv-06016-ODW (ADSx) |
|         Plaintiffs, | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT [47]** |
|    v. | |
| E. JAY GOTFREDSON et al., | |
|         Defendants. | |

## I.     INTRODUCTION

Plaintiffs Steven A. Pritz and Jeffrey S. Pritz, proceeding pro se, bring this action against Defendants E. Jay Gotfredson, Everett Jacob Gotfredson, Gotfredson & Associates A.P.C., David E. Fish (collectively, "Defaulting Defendants"), and William and Tracy Campoy for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act.  (First Am. Compl. ("FAC"), Dkt. No. 20.)  Defaulting Defendants failed to timely respond, and the Clerk entered default against them. (Default, Dkt. No. 44.)  Defaulting Defendants now move to set aside the entry of default.  (Mot. Set Aside Default ("Motion" or "Mot."), Dkt. No. 47.)  For the reasons stated below, the Court **GRANTS** Defaulting Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

On November 4, 2025, Plaintiffs filed their First Amended Complaint against Defendants, alleging violations of the RICO Act and RICO conspiracy.  (FAC 17, 20.[2])   On January 21–22, 2025, the United States Marshals served the Defaulting Defendants with process.  (Proofs Service, Dkt. Nos. 39–42.)  On February 12, 2026, Defaulting Defendants emailed Plaintiffs claiming service was improper.  (Decl. Everett J. Gotfredson ISO Mot. ("Gotfredson Decl.") Exs. 1–3 ("Emails"), Dkt. No. 47-1.)  Defaulting Defendants also offered "to accept service for all [D]efendants and reach an agreement on when responsive pleadings would be due." (*Id.*)

On March 4, 2026, upon Plaintiffs' request, the Clerk entered default against Defaulting Defendants.  (Default.)  On March 5, 2026, Defaulting Defendants emailed Plaintiffs to follow up on their "efforts to meet and confer regarding the filing" of a motion to dismiss.  (Gotfredson Decl. ¶ 3, Dkt. No. 47-1.)   Plaintiffs then notified Defaulting Defendants that the Clerk had entered default against them.  (*Id.*)  In the following days, Defaulting Defendants contacted Plaintiffs again in an attempt to meet and confer.  (*Id.*)   Their attempts yielded no response.  (*Id.*)   On March 18, 2026, Defaulting Defendants filed the instant Motion seeking to set aside entry of default against them under Federal Rule of Civil Procedure ("Rule") 55(c).  (Mot.)

## III.    LEGAL STANDARD

Rule 55(c) authorizes a court to "set aside an entry of default" for "good cause." District courts consider the following three factors to determine whether there is good cause: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).   "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason

_____

[2] Plaintiffs do not sequentially number the paragraphs in their First Amended Complaint.  As such, the Court cites the relevant pages of Plaintiffs' First Amended Complaint.

for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "Where timely relief is sought from a default . . . doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyards Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986).

## IV.    DISCUSSION

Defaulting Defendants argue good cause exists to set aside the entry of default because (1) setting aside the default will not prejudice Plaintiffs; (2) Defaulting Defendants have meritorious defenses; and (3) Defaulting Defendants' conduct was not culpable. (Mot. 12–17.)

### A.    Prejudice

Under the first *Falk* factor, courts consider whether setting aside default will prejudice the plaintiff. *Brandt*, 653 F.3d at 1111. A plaintiff is prejudiced if the plaintiff's "ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. To be prejudicial, the setting aside of a default "must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Setting aside entry of a default in a case that "is still in its very early stages" will not result in prejudice. *Bhatti v. Goldman*, No. 2:14-cv-03226-ODW (RZx), 2014 WL 2970441, at *2 (C.D. Cal. July 1, 2014).

Defaulting Defendants argue that setting aside the default will not prejudice Plaintiffs because Plaintiffs failed to actively prosecute the case since June 2025. (Mot. 17.) Plaintiffs contend that setting aside the default will prejudice them by prolonging the litigation. (Decl. Steven A. Pritz ISO Opp'n ("Pritz Decl.") ¶ 15, Dkt. No. 56.) Thus, Plaintiffs' only purported harm here is delay. (Opp'n 4, Dkt. No. 55.)

However, setting aside the entry of default will not prejudice Plaintiffs because a decision to set aside default will not prevent them from litigating this matter on the merits. Moreover, the delay involved is not significant as Defaulting Defendants

3

moved to set aside entry of default less than three weeks after the Clerk entered it. Furthermore, this litigation is still in its early stages, the Court has not yet issued a case management order, and the parties have not initiated discovery.   As such, Plaintiffs' asserted harm of delay is insufficient to find prejudice warranting resolution of this matter on procedural default.  *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (declining to find prejudice simply because a party loses a "quick victory" due to an opponent's procedural default and must litigate on the merits). Thus, this factor weighs in favor of setting aside entry of default.

**B.     Meritorious Defenses**

Under the second *Falk* factor, courts consider whether the defendant raises meritorious defenses to the plaintiff's claims.   *Brandt*, 653 F.3d at 1111.   The defendant bears the burden to "present specific facts that would constitute a defense." *TCI Grp.*, 244 F.3d at 700.  However, this burden "is not extraordinarily heavy," *id.*, and the defendant need only present "sufficient facts that, if true, would constitute a defense," *Mesle*, 615 F.3d at 1094.  A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Here, Plaintiffs base their civil RICO claim, in part, on Defendants' acts of filing and serving fraudulent pleadings and recording false documents.  (FAC ¶¶ 40, 49.)   Defaulting Defendants contend that the alleged filings and recordings were neither false nor fraudulent; instead, they were legally permissible.  (Mot. 16; *see* Gotfredson Decl. ¶ 4.)   Although Defaulting Defendants articulate their proffered defense with less-than-ideal clarity, these facts are sufficient to satisfy the second *Falk* factor as their ultimate truth is "the subject of the later litigation."   *Mesle*, 615 F.3d at 1094.  Thus, this factor weighs in Defaulting Defendants' favor.

**C.      Culpability**

Under the third *Falk* factor, courts consider whether the defendant's culpable conduct led to the entry of default. *Brandt*, 653 F.3d at 1111. A defendant's conduct is culpable if the defendant "received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). In this context, the term "intentionally" does not mean that a defendant's conduct is culpable simply because the defendant "made a conscious choice not to answer." *Mesle*, 615 F.3d at 1092. Instead, a defendant's conduct is culpable if the defendant "acted with bad faith." *Id.* Even a neglectful failure to answer is not necessarily culpable if the defendant "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI Grp.*, 244 F.3d at 697. Ultimately, a defendant's "careless failure to timely respond to a complaint does not rise to the level of intentional, culpable conduct unless other equitable factors weigh heavily against setting aside a default." *Whitaker v. GGET Larchmont LLC*, No. 2:19-cv-09411-DMG (JCx), 2020 WL 1972291, at *2 (C.D. Cal. Mar. 17, 2020) (citing *Mesle*, 615 F.3d at 1092).

Here, Defaulting Defendants argue that their failure to timely respond was not intentional. (Mot. 12–14.) Instead, they contend that Plaintiffs told them "service has not yet been effected," which resulted in the parties' miscommunication regarding whether a responsive pleading was due. (*Id.*) Defaulting Defendants offer evidence demonstrating both their intent to litigate this matter and their efforts to meet and confer with Plaintiffs regarding the answer deadline and the filing of a potential motion to dismiss. (*Id.* at 7–10; Gotfredson Decl. 2–4; Emails.) Moreover, Defaulting Defendants' prompt efforts to set aside entry of default further demonstrate their diligence and intent to litigate this case on the merits. Given these facts, the Court finds no evidence that Defaulting Defendants intentionally failed to respond or otherwise acted in bad faith. Thus, this factor weighs in Defaulting Defendants' favor.

In conclusion, the Court finds that setting aside the default will not prejudice Plaintiffs, Defaulting Defendants raise a potentially meritorious defense to Plaintiffs' claims, and the entry of default was not the result of Defaulting Defendants' culpable conduct.  Accordingly, good cause exists to set aside entry of default.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defaulting Defendants' Motion to Set Aside Entry of Default.  (Dkt. No. 47.)  The Court directs the Clerk of Court to set aside the entry of default as to Defendants E. Jay Gotfredson, Everett Jacob Gotfredson, Gotfredson & Associates A.P.C., and David E. Fish.  (Dkt. No. 44.) Defaulting Defendants shall respond to Plaintiffs' First Amended Complaint within **twenty-one (21) days** of the date of this Order.

**IT IS SO ORDERED.**

June 26, 2026

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**